UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
333 Constitution Ave., NW
Washington, D.C. 20001

| | |
|---|---|
| PNC BANK, NATIONAL ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>EULALEE CLARKE, ET AL.<br><br>Defendant. | Case No.: 1:13-cv-1914 |

### ORDER AND DECREE FOR SALE OF REAL PROPERTY

**UPON CONSIDERATION** of the Motion for Default Judgment filed by Plaintiff and no response to the contrary, on, this, ___27___ day of __February__, 2013, the District of Columbia ~~Superior~~ District Court, and

**UPON IT APPEARING TO THE COURT THAT** the Defendant was served on October 25, 2013, and that no response was provided in the time period prescribed by Superior Court Rule 12(a) and therefore;

**FINDS,** This action was filed seeking a judicial foreclosure under DC code 42-816, and;

**THAT,** Mediation would have been available to the Defendant herein, had they filed an appearance and requested the same, but is not possible in Defendant's absence, and

**THAT,** DC code 42-815.02, only applies to a non-judicial foreclosure proceeding under the power of sale clause of the deed of trust, which in this instant case does not apply, and

**THAT,** Based upon the foregoing, neither mediation nor any mediation certificate shall be required herein, and

**HOLDS,** that the Defendant is in default, and it is further;

**ORDERED,** that Judgment is granted in Favor of the Plaintiff as prayed for in the **Verified Complaint;** and

**FURTHER ORDERED,** that Foreclosure of the Plaintiff's lien shall be conducted on the following terms and conditions:

### DECREE OF SALE

To the extent Mark H. Wittstadt, Esquire and Gerard Wm. Wittstadt, Esquire have been named as Substitute Trustees as to the Property known as 5224 1st Street NW, Washington, DC 20011, and more specifically described in the Complaint and attached Exhibits prior hereto, the same is ratified and confirmed, or, in the alternative, Mark H. Wittstadt and Gerard Wm. Wittstadt are appointed as Substitute Trustees for purposes of foreclosure. Upon posting a bond in the amount of $25,000.00 into the Court, either of them, acting alone or in concert, may proceed to foreclose upon the Property known as 5224 1st Street NW, Washington, DC 20011, by public auction in accordance with the Deed of Trust and the following additional terms:

a) The Trustees shall mail notice of the time, place, and terms of the auction to all junior lienholders, owners of record, and occupants, by certified mail, return receipt requested and by first class mail, no more than 30 days and no less than 10 days, before the auction date.

b) The Trustees shall advertise the time, place and terms of the auction, in a newspaper of general circulation, once a week, for four consecutive weeks leading up to the auction.

c) The Trustees may employ an auctioneer for the sale process and incur reasonable costs associated therewith.

d) The Trustees can appoint an Attorney to appear on behalf of the Trustee to supervise and attend the sale.

e) The Trustees may require a purchaser to post a nonrefundable deposit of up to 10% of the price bid in certified funds, may condition the right to bid or acceptance of bids upon a showing of said deposits, and reserves the right to reject any bid made by anyone who does not have the deposit in hand at the auction.

f) The deposit required to bid at the auction is waived for the Noteholder and any of its successors or assigns.

g) The Noteholder may bid up to the amount owed on the Note plus all costs and expenses of sale on credit and may submit a written bid to the Trustee which shall be announced at sale.

h) The Trustees shall hold any deposit in a non-interest bearing trust account.

i) The Trustees may establish additional terms of sale as may be appropriate in their judgment to promote the best price at the auction so long as the same remain consistent with, and do not alter, the specific terms and conditions of the Deed of Trust and this Decree.

j) The Trustees may enter into a contract of sale with the highest qualified bidder subject to ratification by the Court, and any memorandum of sale must indicate that the sale is subject to said ratification.

k) If a Third Party is successful at auction the bond shall be increased to the full amount of the purchase price, which shall be posted prior to ratification by this Court.

l) The Trustees shall file a Verified Report of Sale with the Court within thirty (30) days of the auction. The Verified Report of Sale will specify the time, place, terms of the sale, the Purchaser, the purchase amount, and deposit held along with an affidavit and documentation indicating that the Trustees complied with the notice and advertisement requirements set forth above.

m) Unless otherwise ordered at the time of ratification, settlement shall occur by payment of all sums due under the bid in certified funds to the trustees within sixty (60) days from the entry of an Order ratifying the Sale. If the purchaser fails or refuses to settle within the allotted time frame, the deposit will be forfeited and the Trustees may apply the deposit toward costs, fees or their compensation associated with the initial auction and the resale process. Any remaining amount shall be credited to the underlying debt.

n) After the purchaser's funds submitted to the Trustees have cleared, the Trustees shall execute and deliver a Trustees' Deed, transferring title to the purchaser. The costs of recording the Deed aforesaid shall be upon the purchaser.

o) Within sixty (60) days of settlement, the Trustees shall file evidence of the settlement including a copy of the Trustee's Deed, a proposed accounting and distribution of funds, and a proposed order ratifying the distribution. A copy of the aforesaid shall be sent to [handwritten: *including the Internal Revenue Service*] the borrower and all junior lien holders and must inform them that claims or disputes must be filed within fourteen (14) days or the distribution may be ratified without further hearing.

p) Any unclaimed funds due to the junior lienholders, owners, or any other party, may be identified for payment into the Court registry, and, upon payment thereof the Trustees

[handwritten: *X) Notice to the IRS shall be provided to Joseph Hunsader*]

may request a determination that their duties have been discharged and the case be closed with the bond released.

q) The Trustees shall be entitled to recover their costs incurred, including reasonable attorney's fees and commissions as authorized by the Deed of Trust for the execution of duties performed in accordance with the foreclosure and this Decree as part of the settlement.

AND THIS CAUSE CONTINUES.

_Ellen S Huck_
Judge
2/27/14

WE ASK FOR THIS:

/s/ Patrick Jules
Mark Wittstadt, Esq. No. 497735
Gerard Wm. Wittstadt, Jr., Esq. No. 497127
Patrick R. Jules Esq. No. 1011142
David Chen Esq. No. 1000517
Catherine J. Malycke, Esq. No. 1012867
Morris | Hardwick | Schneider, LLC
9409 Philadelphia Road
Baltimore, Maryland 21237
410-284-9600
dchen@closingsource.net
pjules@closingsource.net
cmalycke@closingsource.net
Attorney for Plaintiff

Return to:
Morris | Hardwick | Schneider, LLC
9409 Philadelphia Road
Baltimore, MD 21237